In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

In re Petition of **HOUDAILLE MATERIALS CONSTRUCTION, INC.**

No. 70-347.

United States District Court, E. D. Pennsylvania.

Dec. 1, 1972.

Carl Helmetag, Jr., Robert E. Miller, Philadelphia, Pa., for trustees of PCTC.

Lewis H. Gold, Philadephia, Pa., for Houdaille Construction.

MEMORANDUM AND ORDER NO. 1034

FULLAM, District Judge.

On May 16, 1968, the Debtor entered into a written agreement with Houdaille Construction Materials, Inc. for the construction of a private grade crossing at Bowmansville, New York. Pursuant to the terms of the agreement, Houdaille advanced to the Debtor the estimated cost of the project, and the Debtor performed the work. The agreement provided that, if the project cost less than the estimate, the Debtor would refund the balance to Houdaille; if the actual cost exceeded the estimate, Houdaille was obligated to reimburse the Debtor for the excess. The work was completed; the actual cost was less than the amount which Houdaille had advanced; but the

Debtor's bankruptcy intervened before the refund was carried out. Houdaille has now filed a petition for immediate payment of the balance of its deposit, alleging that these funds are held by the Debtor in trust.

Petitioner concedes that the written agreement does not establish an express trust. Petitioner argues that the facts give rise to the imposition of a "resulting trust" or a "constructive trust," but I find these arguments unpersuasive. There was no fraud or misconduct, nor any intent to create a trust which became impossible of fulfillment.

The written agreement between the parties obligated the petitioner to pay for the grade crossing. The money paid to the Debtor was in fulfillment of this obligation, on an estimated basis. The petitioner relied upon the general credit of the Debtor for repayment of any balance remaining after the work was completed, just as the Debtor relied upon the petitioner's general credit to make good the deficiency, in the event the cost exceeded the amount paid on account. No segregation of the fund was contemplated or carried out. It is clear that the petitioner is merely a general creditor of the Debtor's estate.